IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SHAWN L. DUNN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-265-JDK-JDL |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shawn L. Dunn, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On January 18, 2022, Judge Love issued a Report recommending that the Court dismiss this lawsuit as frivolous and for failure to state a claim and as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Docket No. 65. Plaintiff received a copy of the Report on January 24, 2022. Docket No. 67. Plaintiff filed objections on February 9, 2022. Docket No. 68.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).  Here, Plaintiff's objections are without merit.

An amended complaint supersedes the original and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).  Plaintiff's amended complaint did not do so.  Accordingly, Judge Love properly considered only the matters raised in the amended complaint.  Further, even if Plaintiff's amended complaint had incorporated his original complaint, then Plaintiff's lawsuit would present multiple separate and distinct issues, including his Covid-19 related allegations.  Under Federal Rule of Civil Procedure 20, joinder of separate and unrelated claims is generally improper, and the misjoined claims may be dismissed without prejudice to their refiling in a separate action.  *See McCollum v. Dallas Cnty. Jail Sys.*, No. 3:21-cv-900, 2021 WL 4483512 (N.D. Tex. Sept. 10, 2021); *Tuft v. Texas*, 397 F. App'x 59 (5th Cir. 2010).

Judge Love also properly reviewed Plaintiff's claims concerning the grand jury proceedings and matters relating to Plaintiff's criminal trial under *Heck* because these claims, if proven, could show that Plaintiff's criminal conviction was invalid— as Plaintiff argues it is.  *Doss v. McAlpin*, 115 F. App'x 221, 222, 2004 WL 2913930 (5th Cir. 2004) (citing *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000)); *Hudson v. Hughes*, 98 F.3d 868, 871 (5th Cir. 1996)).

Judge Love also correctly determined that the contents of the audio files on Plaintiff's flash drive were hearsay and thus lacking in probative value. The conversations between Plaintiff's family and friends and the TDCJ investigators were plainly out-of-court statements, and thus hearsay to the extent they are offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 803. The fact that TDCJ investigators spoke to Plaintiff's friends and family is itself not relevant to any claims in the lawsuit. The third audio file, containing the statement apparently made by Plaintiff himself, is unsworn, and in any event consists of allegations that the courts are using forged indictments, rubber-stamping convictions, and engaging in fraud and perjury. These allegations relate to the validity of Plaintiff's conviction and thus further demonstrate the applicability of the *Heck* bar.

Plaintiff's objections discuss the denial of his motion for compassionate release at length, citing 18 U.S.C. § 3582 and arguing that the references in that statute to the Federal Bureau of Prisons and the Director of the Bureau are equally applicable to TDCJ and its Director. As the Judge Love correctly stated in the order denying Plaintiff's motion for compassionate release, 18 U.S.C. § 3582 applies only to federal prisoners, and no statutory provision exists allowing the federal courts to order compassionate release for state inmates. Docket No. 64.

Finally, Plaintiff's objections ask the Court to order the Texas Board of Pardons and Paroles to grant him good time and work time so as to make him currently eligible for parole, and to order the district attorney's office in Plaintiff's county of conviction to modify his sentence. These requests are beyond the power of the federal district court to grant.

Having conducted a de novo review of the record in this case, the Magistrate Judge's Report, and Plaintiff's objections, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 65) as the opinion of the District Court. Plaintiff's claims that implicate the validity of his conviction are **DISMISSED** with prejudice until such time as the Plaintiff's conviction is overturned, expunged, or otherwise set aside. The remainder of the Plaintiff's claims, which do not implicate the validity of his conviction, are **DISMISSED** with prejudice for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. Because any claims Plaintiff may have concerning his conditions of confinement and Covid-19 do not appear in his amended complaint, the dismissal of this lawsuit does not affect any such claims, which may be filed in a separate action should Plaintiff so choose.

So **ORDERED** and **SIGNED** this **16th** day of **February, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4